```
            IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF MARYLAND
                                   :
ISMAEL GUERRA
                                   :
      v.                           :   Civil Action No. DKC 13-2997
                                   :
NVA UTILITIES, LLC, et al.
```

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this wage and hour law case is a motion to release property from levy filed by Defendant Nelmar Velasquez ("Mr. Velasquez").[1] (ECF No. 32). The relevant issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the motion to release the property from levy will be granted.

**I.   Background**

Plaintiff Ismael Guerra ("Plaintiff") was employed by Defendant NVA Utilities, LLC ("NVA Utilities") from approximately January through June 2012. (ECF No. 1 ¶ 1). Mr. Velasquez is the owner and sole member of NVA Utilities. (ECF Nos. 1 ¶ 5; 32). While employed by NVA Utilities, Plaintiff

---

[1] Mr. Velasquez's motion appears to be made on behalf of himself individually and on behalf of NVA Utilities, LLC. However, Local Rule 101.1 requires that "[a]ll parties other than individuals must be represented by counsel." Local Rules 101.1(a). Accordingly, Mr. Velasquez's motion, filed *pro se*, will be construed as being made only on his behalf as an individual.

installed cables for Verizon Communications, Inc. ("Verizon"), working up to seventy hours per week. (ECF No. 1 ¶ 19). Plaintiff asserts that he was compensated with weekly lump sum payments ranging from $180 to $500. (*Id.* ¶ 20). Based on the hours Plaintiff worked, this compensation was often below the amount required by the Fair Labor Standards Act and the Maryland Wage and Hour Law. (*Id.* ¶ 22).

In July 2013, Plaintiff's attorney sent a letter to Mr. Velasquez demanding payment of back wages, liquidated damages, and attorneys' fees. (ECF No. 21-3 ¶¶ 4-6). Mr. Velasquez telephoned Plaintiff's attorney and confirmed receipt of the letter, saying that he did not wish to negotiate out of court. (*Id.* ¶ 8). Plaintiff commenced this action against Defendants NVA Utilities and Mr. Velasquez on October 10, 2013. (ECF No. 1). The complaint also named Verizon as a defendant, but Plaintiff voluntarily dismissed with prejudice his claims against Verizon. (ECF Nos. 17; 18). On November 10, 2013, NVA and Mr. Velasquez were served with the complaint. (ECF Nos. 10; 11). On December 4, 2013, Plaintiff filed a motion for the clerk to enter default against NVA Utilities and Mr. Velasquez (ECF No. 12), which the clerk entered on December 31, 2013 (ECF No. 15). The case was referred to Magistrate Judge Jillyn K. Schulze, and on December 4, 2014, the undersigned issued an order adopting Magistrate Judge Schulze's Report and

Recommendations entering default judgment against Defendants NVA Utilities and Mr. Velasquez, jointly and severally, in the total amount of $3,028.35, in addition to $25,587.00 in attorneys' fees and $82.20 in costs. (ECF No. 26).

On March 10, 2015, Plaintiff applied for a writ of execution (ECF No. 29), which the clerk issued three days later (ECF No. 30). The writ placed a levy on the real property located at 9413 Fendall Lane in Newburg, Maryland. On April 22, 2015, Mr. Velasquez went to Plaintiff's attorney's office with a copy of the writ of execution. (ECF No. 35-1 ¶ 5). Mr. Velasquez informed Plaintiff's attorney that he did not want to pay the judgment and wanted to sue Plaintiff for his conduct as an employee. (ECF No. 35-1 ¶¶ 5-7). On May 7, 2015, Mr. Velasquez, appearing *pro se*, filed the pending motion to release the property from levy (ECF No. 32), and Plaintiff filed a response in opposition (ECF No. 35). The undersigned held a motion hearing on May 28, 2015 and directed the parties to submit a status report within thirty days. (ECF No. 36). On June 29, 2015, the parties filed a status report indicating that Plaintiff's discovery of Defendants' financial status was ongoing. (ECF No. 37). On October 1, 2015, the parties filed a second status report indicating that Plaintiff's counsel and Mr. Velasquez met on September 25, 2015. (ECF No. 39). At this meeting, Plaintiff's counsel asked if Mr. Velasquez would be

willing to work out a payment plan to satisfy the judgment, but Mr. Velasquez refused because he did not have any money. (*Id.*). Plaintiff contends that he "will continue to find an effective manner to enforce his judgment against Defendant." (*Id.*).

## II. Analysis

"A money judgment is enforced by a writ of execution." Fed.R.Civ.P. 69(a)(1). Under Rule 69, "[t]he procedure on execution . . . must accord with the procedure of the state where the court is located." *Id.* In Maryland, a judgment debtor can move for release of property from levy. Md. Rule 2-643. The Rule states:

> Upon motion of the judgment debtor, the court may release some or all of the property from a levy if it finds that (1) the judgment has been vacated, has expired, or has been satisfied, (2) the property is exempt from levy, (3) the judgment creditor has failed to comply with these rules or an order of court regarding the enforcement proceedings, (4) property sufficient in value to satisfy the judgment and enforcement costs will remain under levy after the release, (5) the levy upon the specific property will cause undue hardship to the judgment debtor and the judgment debtor has delivered to the sheriff or made available for levy alternative property sufficient in value to satisfy the judgment and enforcement costs, or (6) the levy has existed for 120 days without sale of the property, unless the court for good cause extends the time.

Md. Rule 2-643(c). Here, more than 120 days have now passed since the writ was issued. Although "upon the expiration of the

120-day period the levy does not *automatically* lapse or expire," *W.D. Curran & Assocs. V. Cheng-Shum Enters., Inc.*, 107 Md.App. 373, 386 (1995) (emphasis added), Mr. Velasquez has moved for release from the levy, triggering Rule 2-643(c).  Plaintiff has not shown good cause for an extension of time, and, in fact, notes that he has filed a copy of the court's judgment with the Circuit Court for Charles County, "creating a lien on the residence Mr. Velasquez owns in that county. . . . Plaintiff's counsel believes that this lien will effectively prevent transfer of this property until this judgment is satisfied and that this lien would survive any bankruptcy proceeding."  (ECF No. 39, at 2).

Although Mr. Velasquez seeks release of the property from levy, his motion also requests "another opportunity to present [his] case against Ismael Guerra," which could be interpreted as a motion to set aside the default judgment.  (ECF No. 32). Pursuant to Federal Rule of Civil Procedure 55(c), a court "may set aside a default judgment under Rule 60(b)."  Rule 60(b) provides six grounds for relief from a final judgment.[2]  "The

---

[2] A court may grant relief from a judgment "for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is

consideration of Rule 60(b) motions proceeds in two stages. First there is the question of whether the movant has met each of three threshold conditions. . . . [A] moving party must show that his motion is timely, that he has a meritorious defense to the action, and that the opposing party would not be unfairly prejudiced by having the judgment set aside." *Nat'l Credit Union Admin. Bd. v. Gray*, 1 F.3d 262, 264 (4th Cir. 1993) (citations and internal quotation marks omitted).  Because Mr. Velasquez's motion includes no assertions supporting his request for relief, it does not meet any of the threshold conditions or grounds set forth in Rule 60(b).  Accordingly, although Mr. Velasquez's motion to release property from levy will be granted, the default judgment entered against him and NVA Utilities will remain in place.

**III. Conclusion**

For the foregoing reasons, the motion to release property from the levy filed by Defendant Nelmar Velasquez will be granted.  A separate order will follow.

                                                                                      /s/  
                                                   DEBORAH K. CHASANOW  
                                                   United States District Judge

---

based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief."  Fed.R.Civ.P. 60(b).